## HENRY BLUMHOFF v. STATE.

No. A-2898.   Opinion Filed March 23, 1918.

Rehearing Denied September 24, 1918.

(171 Pac. 492.)

INTOXICATING LIQUORS—Unlawful Sale—Sufficiency of Evidence.
In a prosecution for selling intoxicating liquors, the evidence
considered, and held sufficient to sustain a conviction, and that
no reversible error was committed on the trial.

*Appeal from County Court, Stephens County;*
*J. W. Marshall, Judge.*

Henry Blumhoff was convicted of a violation of the
prohibitory law, and he appeals.   Affirmed.

*Bond & Kolb,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *R. McMillan,* Asst.
Atty. Gen., for the State.

DOYLE, P. J.   Upon an indictment returned by the
grand jury in the district court of Stephens county, and
duly transferred to the county court of said county, which
charges that Henry Blumhoff did sell certain intoxicating
liquors, to wit, beer, to one Jess Calloway, the defendant,
Blumhoff, was convicted, and on the 23d day of October,
1916, he was by the judgment of the county court sen-
tenced to be confined in the county jail for 60 days and to
pay a fine of $200, and he appeals.

Jess Calloway testified that on the date alleged he was
at the defendant's home and received six bottles of beer
from him; that he did not pay for it; that he had bought
beer from him before at 50 cents a bottle and expected to
pay that price for it.

Henry Blumhoff, as a witness in his own behalf, testified that he did not sell Jess Calloway any beer; that he did let him have six bottles of beer, but did not charge him for it, and did not expect him to pay for it, "but at the time he got the beer he said he had a barrel of beer at Lawton and would give me my six back; that is, we would just exchange, he said."

The petition contains 14 assignments.

First. It is contended that said indictment was invalid, and furnishes no basis for a prosecution, and that if in law said indictment was valid, the same has never been transferred to the county court of Stephens county. It is a sufficient answer to this contention to say that we find the indictment was regularly and duly presented in said district court and properly transferred, and the court very properly overruled the motion to set aside the same.

Other assignments based on the rulings of the court on the admission and rejection of evidence are, we think, entirely destitute of merit.

Other assignments are based on exceptions taken to the instructions of the court, and are without merit, as the instructions fully and fairly cover the law of the case.

It is also insisted that the evidence is insufficient to sustain the verdict. The assignment is elaborately argued in the brief. Suffice it to say that in our opinion the defendant is guilty of the offense charged in the indictment upon his own testimony. Finding no material error in the record, the judgment is affirmed.

ARMSTRONG and MATSON, JJ., concur.